IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| WALTER L. JONES, | ) | |
| Petitioner, | ) | Civil Action No. 7:15cv00389 |
| | ) | |
| v. | ) | |
| | ) | By: Elizabeth K. Dillon |
| WARDEN, | ) | United States District Judge |
| Respondent. | ) | |

**MEMORANDUM OPINION**

Walter L. Jones, a Virginia inmate proceeding *pro se*, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 to challenge his criminal judgment entered by the Giles County Circuit Court. This matter is before the court on respondent's motion to dismiss. After reviewing the record, the court grants the motion and dismisses the petition as time barred.

On September 5, 2013, after Jones pleaded *nolo contedere*, the Giles County Circuit Court entered a final order convicting him of aggravated malicious wounding, in violation of Virginia Code § 18.2-51.2, and sentencing him to a total of fifty years incarceration, with thirty years suspended. Jones did not appeal. On June 2, 2014, Jones filed a petition for a writ of habeas corpus with the Supreme Court of Virginia, which the court dismissed on December 18, 2014. Jones filed the instant petition on July 10, 2015. *See* R. Gov. § 2254 Cases 3(d) (describing the prison-mailbox rule).

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a one-year statute of limitations applies when a person in custody pursuant to the judgment of a state court files a federal petition for a writ of habeas corpus. 28 U.S.C. § 2244(d)(1)(A-D), Rule 3(c) of the Rules Governing § 2254 Proceedings. Under § 2244(d)(1)(A), Jones' conviction became final, and the statute of limitations began to run, on October 7, 2013, when his time to file an appeal to the Court

of Appeals of Virginia expired.[1]  Therefore, Jones had until October 7, 2014, to file a timely federal habeas petition.

However, the time during which a "properly filed" state habeas petition is pending is not counted toward the limitations period. 28 U.S.C. § 2244(d)(2).  Accordingly, the statute of limitations clock stopped running on June 2, 2014, after approximately 238 days, when Jones filed a habeas petition in the Supreme Court of Virginia.  The clock began running again when the Supreme Court of Virginia dismissed his petition on December 18, 2014, and stopped approximately 204 days later when Jones filed his federal habeas petition on July 10, 2015.  Therefore, the time clock on Jones' statute of limitations ran for a total of approximately 442 days before he filed his federal habeas petition.  Accordingly, Jones' petition is time-barred unless he demonstrates that he is actually innocent of his convictions, *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1928 (2013), or that the court should equitably toll the one-year statute of limitations, *Rouse v. Lee*, 339 F.3d. 238, 246 (4th Cir. 2003).[2]

Jones makes no argument to support actual innocence or equitable tolling.  Accordingly, I will grant respondent's motion to dismiss Jones' petition as untimely filed.

An appropriate order will be entered.

Entered: August 4, 2016.

*Elizabeth K. Dillon*
United States District Judge

---

[1] Jones alleges nothing to support application of § 2244(d)(1)(B-D).

[2] A district court may apply equitable tolling only in "those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Rouse*, 339 F.3d. at 246 (citing *Harris*, 209 F.3d at 330).  The petitioner must demonstrate that some action by the respondent or "some other extraordinary circumstance beyond his control" prevented him from complying with the statutory time limit, despite his exercise of "reasonable diligence in investigating and bringing the claims." *Harris*, 209 F.3d at 330 (citing *Miller v. N.J. State Dep't of Corrs.*, 145 F.3d 616, 618 (3d Cir. 1998)).  An inmate asserting equitable tolling "'bears a strong burden to show specific facts'" that demonstrate he fulfills both elements of the test. *Yang v. Archuleta*, 525 F.3d 925, 928 (10th Cir. 2008) (quoting *Brown v. Barrow*, 512 F.3d 1304, 1307 (11th Cir. 2008)).  Generally, the petitioner is obliged to specify "'the steps he took to diligently pursue his federal claims.'" *Id.* at 930 (quoting *Miller v. Marr*, 141 F.3d 976, 978 (10th Cir.1998)).